## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DARIAN LAMAR MATTHEWS**                                        **PLAINTIFF**

**CIVIL ACTION NO. 3:23-CV-P354-JHM**

**LORETTA B. NEW** *et al.*                                        **DEFENDANTS**

### MEMORANDUM OPINION

This is a *pro se* prisoner civil-rights action brought pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Darian Lamar Matthews is a convicted prisoner. He sues Kentucky Department of Corrections (KDOC) officials Loretta B. New, Sarah Thomas, Pamela E. Mallet, and Royce Nut.

Plaintiff makes the following allegations *in toto*:

My Fourth Amendment right was violated due to the time I served exceeds the sentence given by law. I was sentenced to 5 years 20% in 2006, which was probated. I was then sentenced to 15 years 85% in 2008 (which was amended to 12 years 85% on 9/7/2013) which ran consecutive. I served 10 years in the Department of Corrections. I was released on parole 07/27/2018 and served 100% of 12 years by 03/31/2021 on parole. I also received 3½ years credit which satisfied my 5 years 20%. The Department of Corrections is stating I'm still currently on active parole. The defendants listed have failed to uphold the law and give me relief from this illegal seizure.

As relief, Plaintiff seeks "release from illegal detention."

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A,

the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446 U.S. 635 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To the extent that Plaintiff seeks damages for the alleged miscalculation of his sentence, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a state prisoner cannot state a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).  Because Plaintiff's allegations about the improper calculation of his sentence appear to call into question the validity of his imprisonment and because Plaintiff does not allege that his sentence has been reversed on appeal or called into question in any of the ways articulated by *Heck*, he cannot proceed with a damages action challenging his sentence.  *See, e.g.*, *Murphy v. Lasata*, No. 1:21-cv-454, 2021 U.S. Dist. LEXIS 117826 (W.D. Mich. June 24, 2021) (dismissing § 1983 claim for damages as barred by *Heck* where the plaintiff alleged that his sentence had been miscalculated and that he was being illegally held beyond his "outdate" because his claim called in into question the "validity of his imprisonment" and his

3

sentence had not been invalidated); *Johnson v. Chambers-Smith*, No. 4:20CV01019, 2020 U.S. Dist. LEXIS 194120 (N.D. Ohio Oct. 20, 2020) (holding § 1983 damages claim regarding the incorrect computation of a state criminal sentence was barred by *Heck* because the sentence had not previously been invalidated).

Moreover, to the extent that Plaintiff seeks release from imprisonment, a habeas corpus action is the only mechanism available for him to do so. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *see also Longacre v. Mich. Dep't. of Corr.*, No. 14-2219, 2015 U.S. App. LEXIS 23421 (6th Cir. June 1, 2015) (affirming that a claim challenging the duration of a sentence should have been brought in a petition for habeas corpus rather than a § 1983 action and that any damages claim was barred by *Heck* since plaintiff did not allege that his conviction or sentence had been invalidated).

## IV.

For these reasons, the Court will enter a separate Order dismissing this action.

The **Clerk of Court** is **DIRECTED** to send Plaintiff a § 2241 and § 2254 packet for his use should he decide to file a habeas corpus action. Plaintiff must decide which forms, if either, meet his needs.

Date: November 13, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.011